```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON

GARTH RYAN NOTESTINE,            )
                                 )   No. CV-09-3039-CI
             Plaintiff,          )
                                 )   ORDER DENYING PLAINTIFF'S
v.                               )   MOTION FOR SUMMARY JUDGMENT
                                 )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner  )   MOTION FOR SUMMARY JUDGMENT
of Social Security,              )
                                 )
             Defendant.          )
                                 )
```

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 16.)  Attorney D. James Tree represents Garth Ryan Notestine (Plaintiff); Special Assistant United States Attorney Stephanie R. Martz represents Defendant.  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 8.)  After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

## JURISDICTION

On July 21, 2005, Plaintiff protectively filed for disability insurance benefits (DIB) under Title II of the Social Security Act (Act) and Supplemental Security Income (SSI) under Title XVI.  (Tr. 85.)  He alleges disability due to "extreme memory loss" and "previous back surgery" with an onset date of December 2, 2000.  (Tr. 89.)  Benefits were denied initially and on reconsideration.  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ James Burke on August 16, 2007.

(Tr. 235-49.)   Plaintiff, who was represented by counsel, and vocational expert Daniel McKinney (VE), testified. (*Id*.)   The ALJ denied benefits on January 25, 2008 (Tr. 16-23); and the Appeals Council denied review on February 13, 2009. (Tr. 6-8.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  Plaintiff was 32 years old at the time of the hearing.  (Tr. 197.) He completed 10th grade and obtained his high school equivalency degree.  He also had two years of vocational school. (Tr. 92, 126.) He was married and lived with his spouse and their daughter. (Tr. 245.)  He reported no problems with personal care.  He was capable of performing household chores, outdoor chores, shopping and cooking meals for the family, working on the computer and helping his daughter with homework for short periods of time. (Tr. 206.) He has significant past work experience as an electrician for a motor vehicle manufacturer. (Tr. 89, 94.)  He testified he had short-term jobs as a ticket taker, a cook, and a peeler at a fruit packing plant. (Tr. 239-41; 246-47.)  He testified he worked as a peeler after 2001, and when he was promoted to warehouse worker, he was unable to lift the boxes so the company let him go. (Tr. 241.)  Plaintiff testified he was unable to work due to back pain, an inability to stay on task, and problems with his memory.  (Tr. 240.)

### ADMINISTRATIVE DECISION

ALJ Burke found Plaintiff was insured for DIB through September 30, 2004.  (Tr. 16.)   At step one, he found Plaintiff had not

engaged in substantial gainful activity since the alleged onset date. (Tr. 18.) At step two, he found Plaintiff had the severe impairment of back pain. He also found Plaintiff had mild memory problems that caused no significant limitations in his ability to do work activities, and no severe mental impairments. (Tr. 18-20.) At step three, the ALJ found Plaintiff's impairments alone or in combination, did not meet or medically equal an impairment listed in Appendix I, Subpart P, Regulations No. 4 (Listings). (Tr. 20.) At step four, ALJ Burke found that Plaintiff had the residual functional capacity (RFC) to perform light work "except the claimant needs to change positions every 30-45 minutes and has mild memory problems, so he is limited to simple repetitive tasks." (*Id*.) He concluded Plaintiff's statements regarding his limitations were not credible. (Tr. 21-22.) Based in part on VE testimony, the ALJ concluded Plaintiff could perform his past relevant work as a fruit packing plant peeler, which is considered light, unskilled work. (Tr. 23.) In the alternative, he found there were other jobs which Plaintiff could perform with this RFC, such as assembler or unskilled production inspector. (*Id*.) The ALJ found Plaintiff had not been under a disability, as defined by the Social Security Act, from December 2, 2000, through the date of his decision. (*Id*.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (*citing* 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he (1) found no severe mental impairments at step two; (2) failed to make adequate step four findings; and (3) presented an incomplete hypothetical question to the VE. He asserts the ALJ failed to include unrejected limitations assessed by the agency psychologist and erroneously relied on VE testimony. (Ct. Rec. 14.)

## DISCUSSION

**A.   Step Two - Mental Impairments**

Plaintiff asserts the ALJ improperly found his mental impairments were "groundless" at step two. However, a review of the ALJ's decision indicates alleged mental impairments were not characterized as "groundless." Rather, after summarizing the statutory sequential evaluation process (20 C.F.R. §§ 404.1520(a), 416.920(a) and the medical evidence, ALJ Burke found Plaintiff had "some mild mental problems with memory and maintaining attention," but they did not "cause significant limitations in his ability to perform basic work activities." (Tr. 20.) Therefore they were not severe mental impairments as defined by the Regulations. (Tr. 17-20.)

As explained by the ALJ, at step two of the sequential evaluation, the ALJ determines whether a claimant suffers from a "severe" impairment, *i.e.*, one that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).  (Tr. 17.)  To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1508, 416.908.  The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations. *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair* v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545,

1549-50 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Social Security Ruling* (*SSR*) 85-28.[1] "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

As explained in the Commissioner's policy ruling, at step two, "medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do basic work activities." *Id*. Thus, in determining whether a claimant has a severe impairment, the ALJ evaluates the medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record.

Agency regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3)

---

[1] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

1 sources who have neither examined nor treated the claimant, but
2 express their opinion based upon a review of the claimant's medical
3 records.  20 C.F.R. §§ 404.1527, 416.927.  A treating physician's
4 opinion carries more weight than an examining physician's, and an
5 examining physician's opinion carries more weight than a non-
6 examining reviewing or consulting physician's opinion.  *Benecke v.*
7 *Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81
8 F.3d 821, 830 (9th Cir. 1995).

9     Plaintiff asserts his statement of the facts establishes that
10 his mental impairments constitute more than a "slight abnormality."
11 (Ct. Rec. 14 at 13.)  However, step two severity can be established
12 only with objective medical evidence.  Plaintiff does not identify
13 specific medical evidence to support his step two argument. Although
14 the reviewing court will not ordinarily consider insufficiently
15 briefed or unsupported arguments on appeal, *Carmickle v.*
16 *Commissioner, Social Sec. Admin.,* 533 F.3d 1155, 1164 (9th Cir.
17 2008), a *de novo* review of the record does not support Plaintiff's
18 premise.  Rather, it reveals substantial evidence from examining
19 medical sources and treatment providers to support the ALJ's finding
20 that Plaintiff's mental impairments were not severe.

21     For example, in March 2004, chemical dependency counselor Jan
22 Simpson assessed Plaintiff, who reported abstinence from drugs and
23 alcohol for one month.  She found no need for a referral to mental
24 health treatment because difficulties in the past had been caused by
25 drug and alcohol use.  (Tr. 126.)  In May 2004, examining neuro-
26 psychologist Jody Veltkamp, Psy.D., administered extensive
27 psychological testing and determined Plaintiff had an average IQ, no
28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

learning disorders and no short-term attention or concentration impairment.  She noted affirmative evidence of malingering in test results, and concluded there was not enough evidence to support a diagnosis of attention deficit disorder. (Tr. 135-138.)  In October 2005, Jay Toews, Ed.D., completed a consultative evaluation for the agency.  He did not administer objective psychological testing, but noted inconsistencies in Plaintiff's self-report.  (Tr. 148-151.) He concluded, based on a review of the records and Plaintiff's mental status exam, that Plaintiff had "no cognitive barriers to employability."  (Tr. 151.)

As found by the ALJ, Roland Dougherty, Ph.D., examined Plaintiff after the hearing and found he was "unreliable on his reports of memory and attention problem, as they were contradicted by the testing results."  (Tr. 19.)  This finding is supported by Dr. Dougherty's narrative report and clinical testing results (*see* Tr. 197-221), and the rest of the medical record.  Of note are Dr. Dougherty's diagnoses of symptom exaggeration and malingering with respect to memory problems.  (Tr. 209.)   As summarized by Dr. Dougherty: "[Plaintiff's] intelligence appears to be good, and he should be able to handle most intellectual tasks required in common job settings."  (Tr. 210.)  Examining psychologist reports were consistent in their conclusion that Plaintiff's mental impairments did not prevent him from performing work activities. These reports constitute substantial evidence to support the ALJ's step two finding that Plaintiff has no severe mental impairments.

**B.   Non-examining Medical Source Opinions**

Plaintiff appears to argue that, at step two and at step four,

the ALJ did not give proper weight to limitations assessed in November 2005, by non-examining agency psychologist Patricia Rinehart, Ph.D.[2] (Ct. Rec. 14 at 13; Tr. 156-66).  However, as discussed above, at step two, the Commissioner assesses objective medical evidence in determining severity. Dr. Rinehart indicated in the agency's Psychiatric Review Technique Form that there was insufficient evidence to assess a medical disposition and declined to opine on severity.  (Tr. 156.)

    Plaintiff also briefly mentions the agency psychologists' assessment in his step four argument.  He posits that if agency assessed limitations were properly considered, a finding of disabled would be necessary based on the VE testimony.  (Ct. Rec. 14 at 16-17.)  This argument is without merit.

    Dr. Rinehart is a non-examining agency psychologist who reviewed Plaintiff's records dated December 2, 2000, through October

---

[2] Rita Flanagan, Ph.D., affirmed Dr. Rinehart's RFC assessment in February 2006, after reviewing a newly submitted physical examination report from Howard Quint, M.D., dated October 29, 2005. (Tr. 156, 141-46.)  As noted by Dr. Flanagan, Dr. Quint mentioned Plaintiff's reported history of memory loss, then observed that Plaintiff appeared "lucid, alert, oriented and cooperative." (Tr. 156, 145.) Dr. Quint did not assess mental limitations. (Tr. 145-46.)  However, the ALJ specifically ordered a consultative psychological evaluation to further develop the record regarding Plaintiff's memory issues.  (Tr. 248.)  As discussed above, Dr. Dougherty's post-hearing evaluation supports the ALJ's step two findings.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

25, 2005. (Tr. 168.) Although agency psychologists such as Dr. Rinehart are experts in the evaluation of medical issues in disability claims under the Social Security Act, the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.[3] *Lester*, 81 F.3d at 831; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Nonetheless, the ALJ cannot ignore agency psychologist opinions and must explain the weight given to them. *SSR* 96-6p.

As stated by the ALJ, as a non-examining physician, Dr. Rinehart's conclusions "do not deserve as much weight" as those of examining physicians, but they do deserve "some weight." (Tr. 22.) He then specifically addressed the state agency opinions and gave significant weight to narrative conclusions that, without substance abuse, Plaintiff did not have cognitive barriers to employment "in jobs that are routine and structured." (Tr. 23, 154, 168.) It is also noted Dr. Rinehart acknowledged the unreliability of limitations based on invalid test results, and specifically called into question Plaintiff's credibility. (Tr. 154.)

---

[3] To constitute substantial evidence to support a finding of disability, an agency psychologist's opinion requires substantial evidence (more than a mere scintilla, but less than a preponderance), independent of the non-examining opinion, which supports the rejection of contrary conclusions by examining physicians. *Andrews*, 53 F.3d at 1039. Plaintiff points to no substantial evidence, independent of Dr. Rinehart's check-box report, to support his claim of disabling mental impairments.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

As the Ninth Circuit noted, a reviewing court can read an ALJ's summary of the evidence and findings and draw inferences reasonably flowing from the findings. *Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989). There is no requirement that an ALJ use the specific words "I reject" in discounting a non-examining medical source opinion. *SSR* 96-6p. Without resorting to broad inference, it is clear from the ALJ's explanation that he was giving weight to Dr. Rinehart's narrative opinion that Plaintiff, without active substance abuse, had adequate concentration, pace and persistence, and could perform routine structured work. (Tr. 23, 154, 168.)

In his final RFC findings, the ALJ did not err in giving more weight to the uncontroverted opinions of the examining psychologists than to Dr. Rinehart's check-box opinions that are not consistent with the record in its entirety. *Andrews*, 53 F.3d at 1039 (ALJ is responsible for resolving conflicts in the medical evidence); *see also Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996)(narrative opinions preferred over check-off reports). The ALJ properly explained the weight given to Dr. Rinehart's assessment. The Commissioner's final RFC determination is a reasonable interpretation of the record in its entirety, supported by substantial evidence and free of legal error.

**C.   Step Five - Vocational Expert Testimony**

Defendant concedes the ALJ erred in finding Plaintiff's work as a peeler at the fruit packing plant was substantial gainful employment. (Ct. Rec. 17 at 11.) He argues the error is harmless because the ALJ proceeded to step five and made adequate findings to establish Plaintiff's ability to perform other work. (*Id.* at 11-13.) Plaintiff asserts the ALJ erred in relying on the vocational

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

expert testimony at step five because the hypothetical upon which the VE based his opinion did not include Dr. Rinehart's moderate mental limitations.  He argues VE testimony in response to a hypothetical including those moderate limitations is sufficient to entitle him to benefits. (Ct. Rec. 14 at 17; Ct. Rec. 18 at 6-7.)

As discussed above, the ALJ's consideration of and explanation of weight given to Dr. Rinehart's opinions is without legal error. Plaintiff's assertion that state agency consultants opined Plaintiff's limitations are disabling is unsupported by the record. (Ct. Rec. 18 at 5.)  Dr. Rinehart specifically found Plaintiff "demonstrated the ability to do simple routine structured work per his performance at his CE [consultative exam] and his self report of ADLs [activities of daily living] to the examiner.  His concentration, pace and persistence are adequate."  (Tr. 154.) Further, the opinions of a non-examining psychologist cannot by themselves constitute substantial evidence to support a finding of disability.

In his hypothetical to the VE, the ALJ described an individual of Plaintiff's age, education and background limited to sedentary work with a sit/stand option and an ability to change positions every 30 to 45 minutes and who has a moderate problem with his memory but is able to perform simple, routine, repetitive procedures. (Tr. 247.)  Even though the hypothetical included a more restrictive limitation in memory than the final RFC determination,[4] the VE testified the individual could do the job as

---

[4] The Commissioner's final RFC determination included "mild memory problems." (Tr. 20.)  This is a reasonable interpretation of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

a fruit packing plant peeler, as well as a significant number of assembler jobs and unskilled production jobs such as inspector and checker. (Tr. 247-48.) The ALJ did not err in relying on the VE testimony at step five.

**CONCLUSION**

The ALJ's decision is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 13**) is **DENIED.**

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED.**

DATED May 25, 2010.


                        S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE

---

the entire record on review, including Dr. Dougherty's report which was not before the ALJ at the time of the hearing. Dr. Dougherty assessed two moderate limitations consistent with a capacity to perform simple routine tasks. (Tr. 222.) However, he stated unequivocally, "I believe [Plaintiff] is malingering with respect to his reports of problems with memory." (Tr. 209).